(30 App. Div. 534.)

## PEOPLE v. GARTLAND.

(Supreme Court, Appellate Division, First Department.   June 10, 1898.)

BURGLARY—EVIDENCE OF BREAKING.

Upon the trial of an indictment charging the defendant with burglariously "breaking and entering" a dwelling house, consisting of an apartment, it was proved that the entrance door of the apartment, through which he admittedly entered, was always kept closed, and that, an hour before he entered, it was shut tight.  *Held*, that the evidence warranted the inference that he must have opened the door in order to enter, and, accordingly, that he "broke and entered."

Appeal from court of general sessions, New York county.

John Gartland, alias John B. Coary, was convicted of burglary in the second degree, and appeals.   Affirmed.

Argued before BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Ambrose H. Purdy, for appellant.
Charles E. Le Barbier, for the People.

PATTERSON, J.   The prisoner was convicted of the crime of burglary in the second degree as a second offense, and from the judgment of conviction he now appeals, presenting but a single point for the consideration of the court.   The indictment, in its first count, charged that on the 25th of March, 1897, and during the daytime, he (the prisoner) feloniously and burglariously did break into and enter the dwelling house of one Mary Ryan (there being then and there a human being in the said dwelling house), with the intent to commit some crime therein.   The dwelling house referred to in the indictment was an apartment in a house, which apartment had an entrance door opening into a general hallway of the building.   It is not disputed that an apartment in such a house is a dwelling, within the meaning of the statute.   There can be no doubt that the prisoner, with two companions, went into the apartment through that entrance door.   He swore to that fact himself on the trial, but he claims that there was not sufficient proof to show that there was any breaking or force used in any way to gain an entrance, so as to bring his acts within the statutory definition of burglary.   Section 499 of the Penal Code defines the word "break" as used in the statute, and declares that it includes opening, for the purpose of entering therein, by any means whatever, any outer door of a building, or of any apartment or set of apartments therein, used, or occupied, etc.   That definition is satisfied if the proof showed that the appellant opened by any means the outer door of the apartment named in the indictment.   That he gained entrance through that door is, as said before, admitted.   If that door were shut at the time he made his entrance to the apartment, and he opened it by any means whatever, he was guilty of the offense.   Walking in through an open door would not constitute the offense, and the question of fact for the jury to determine was whether the prisoner did open the door, or whether it was found open and he entered.   It was for the prosecution to prove the opening, but it was not necessary that that proof should be made

by an eyewitness of the act. It might be done by showing a set of circumstances from which the conclusion would necessarily result that he could not have gained entrance otherwise than by opening the door, and that proof was furnished by the testimony of Mary Ryan. She stated positively that at 12 o'clock on the day named in the indictment, and on which the entry was made by the appellant, the door of the apartment through which he admits he entered was shut tight. He was discovered in the apartment some time between 1 and 2 o'clock; precisely at what point of time between those hours does not appear. The evidence was that the door of the apartment was always kept closed, and that, an hour or so before the prisoner made his entry into the premises, it was closed. People v. Bush, 3 Parker, Cr. R. 557, is a case strongly resembling this. There, the prisoner was indicted for burglary in the second degree for entering an apartment, and he was charged with breaking the door. The wife of the tenant testified that she left the door latched, and returned in about 15 minutes, and discovered the defendant in the premises; and the court said that the proof that the door had been so recently shut fairly led to the inference that it was closed at the time (of the entry), which was strengthened by the general custom of keeping the door closed. The same inference would be allowed here upon the same character of proof, and that was left to the jury on a very fair charge, to which no exception was taken.

We think the conviction was properly had, and that the judgment should be affirmed. All concur.